Andrew G. Gunem (SBN 354042)
Samuel J. Strauss*
Raina C. Borrelli*
STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
agunem@straussborrelli.com
sam@straussborrelli.com
raina@straussborrelli.com

Benjamin R. Osborn*
LAW OFFICE OF BENJAMIN OSBORN
63 Fiddlers Elbow Rd.
Margaretville, NY
Telephone: (347) 645-0464
ben@benosbornlaw.com

*pro hac vice forthcoming
Attorneys for Plaintiff and the Proposed Class

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **APRIL HERNANDEZ**, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**INFOPAY, INC.**,<br><br>                   Defendant. | Case No. 5:24-cv-03541<br><br>**CLASS ACTION COMPLAINT**<br><br>FOR DAMAGES, INJUNCTIVE RELIEF, AND EQUITABLE RELIEF FOR:<br>1. VIOLATIONS OF CAL CIV. CODE § 3344;<br>2. MISAPPROPRIATION OF NAME OR LIKENESS; AND<br>3. VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200 ET SEQ.<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1.      California law protects every individual's right to control the commercial use of their name, persona, and identity. Cal. Civ. Code § 3344. Californians have the right to exclude anyone from using their name and persona to advertise without their prior consent. *Id*. "Any person who knowingly uses" a name and persona "for purposes of advertising or selling, or soliciting purchases of, products . . . or services, without [Plaintiff's] prior consent," thereby violates California law. *Id*.

2.      Defendant InfoPay, Inc. ("InfoPay") owns and operates the website www.infotracer.com ("InfoTracer"). InfoTracer is a self-described "powerful search engine" for discovering individuals' "Contact Info, Criminal Records, Arrests, Assets, Social Profiles & More."[1] The website advertises that "[i]nformation is always at your fingertips with InfoTracer's instant search," and that "[t]o get started all you need is your search subject's name and state, email, phone, or address to conduct a search."[2] Defendant advertises that "[y]ou can find things like a person's name, current and previous mailing address, phone numbers, email addresses, relatives' names, and even photographs," in addition to their "Criminal Records," "Vital Records", and "financial records showing someone's net worth."[3]

3.      Defendant trades on the public's interest in learning potentially damaging and scandalous information about their friends, roommates, relatives, and romantic partners.

4.      In response to searches performed by visitors to its website, Defendant delivers limited "teaser profiles" that contain information sufficient to uniquely identify the searched-for individual, including first name and last initial; age; and current and past cities of residence. However, the teaser profiles represent that the user must purchase a paid monthly subscription to learn additional hidden information about the searched-for individual, including "Arrests &

---

[1] *Home Page*, INFOTRACER, https://infotracer.com/.
[2] *Id*.
[3] *Id*.

CLASS ACTION COMPLAINT

Warrants," "Police Records," "DUIs & DWIs," "Assets," "Relatives & Associates," "Marriages & Divorces," "Deep Web," and more.[4] The teaser profiles also represent that a subscription will provide "Unlimited Search Access" to full profiles about millions of other individuals.[5]

5.      InfoTracer also sells a service through which the subscriber can "receive alerts on someone" whenever the information in that person's profile changes.[6] For example, InfoTracer will send a real-time alert if the targeted individual moves addresses, changes their email address or phone number, gets divorced, experiences a change in their net worth, receives a DUI, or appears in a court record.[7]

6.      In its Terms of Service, Defendant purports to extract an agreement from its registered users that "you agree and consent to the use and display of information about you on the Site, including all attributes about you (e.g., name, age, location) for any and all commercial and non-commercial purposes."[8] Thus, Defendant publicly admits on its website that its "use and display of" teaser profiles about individuals is use for "commercial . . . purposes."[9]

7.      Defendant is the sole author, designer, and implementor of the teaser profiles and advertising flows giving rise to this lawsuit. Defendant does not host user-generated content. Defendant is the sole curator, designer, and creator of the content described in this Complaint.

8.      On information and belief, Defendant obtained the personal information in its teaser profiles by paying third-party data brokers. On information and belief, Defendant's licensing contracts with data brokers purport to grant Defendant the right to make commercial use of Plaintiff's and Class members' names and personal information. However, Plaintiff and the Class never consented to such use.

---

[4] *Loading Results*, INFOTRACER, https://infotracer.com/loading/?ltid=home&mercSubId=home-name&type=name&searchTab=name.
[5] *Id.*
[6] *Frequently Asked Questions*, INFOTRACER, https://infotracer.com/faq/.
[7] *Id.*
[8] *Terms of Service*, INFOTRACER, (May 12, 2022) https://infotracer.com/terms/.
[9] *Id.*

9.      Consent is not all or nothing. Plaintiff and the Class members may have shared their names, address, phone numbers, locations, and other personal information with certain companies or government agencies in a variety of contexts. For example, Plaintiff or the Class members may have shared their home addresses and phone numbers with the IRS or DMV.

10.     But Plaintiff and the Class members did not consent to the commercial use of their names, personal information, and personas to promote subscriptions to a website with which they have no relationship. Defendant profits by peddling personal information it has no right to use. Plaintiff and Class members never agreed to the use of their names and personas to promote Defendant's product, which: openly trades on people's salacious interest in spying on their neighbors and acquaintances; is the subject of myriad consumer complaints; falsely represents that the individuals searched for have "Police Records" even when they do not; and violates multiple laws with apparent unconcern.

11.     By these actions, Defendant has violated and continues to violate California's Right of Publicity statute, codified in Cal. Civ. Code § 3344; California common law prohibiting misappropriation of a name or likeness; and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Accordingly, Plaintiff brings this Complaint on her own behalf and on behalf of a Class of similarly situated individuals.

## PARTIES

12.     Plaintiff April Hernandez resides in Salinas, California. Plaintiff has never used or visited the website www.infotracer.com. Plaintiff has never provided her consent for Defendant to use her name or persona in any way, including for the commercial purpose of advertising subscriptions.

13.     Defendant InfoPay, Inc. owns and operates the website www.infotracer.com. InfoPay, Inc. is a Delaware corporation with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the

1    Class Action Fairness ("CAFA")), because: (A) members of the putative Class are citizens of a

2    state different from Defendant. Plaintiff and the Class are California citizens. Defendant is a

3    Delaware corporation headquartered in Massachusetts. (B) The proposed Class consists of at

4    least 100 members. On information and belief, Defendant has published, and advertises

5    subscriptions using, teaser profiles about all or most of the adult population of California.

6    Accordingly, the Class size is in the tens of millions. And (C) the amount in controversy exceeds

7    $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for statutory damages

8    "equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered," as

9    well as "any profits from the unauthorized use." The statute also allows for punitive damages and

10   the award of attorneys' fees and costs. Because Defendant uses the names and personas of tens

11   of millions of Class members without consent to advertise subscriptions, the amount in

12   controversy is well over the jurisdictional limit.

13       15.    This Court has specific personal jurisdiction over the Defendant because the

14   Defendant purposefully directed and directs its suit-related activities to this State and District.

15   Defendants' suit-related activities directed to this State and District include:

16       16.    Defendant purposefully misappropriated the names, personal information, and

17   personas of millions of California residents. On information and belief, Defendant obtained this

18   misappropriated information by paying licensing fees to third-party data brokers. On information

19   and belief, Defendant's contracts with said data brokers purport to grant Defendant the right to

20   make commercial use of California residents' names and personal information. The third-party

21   data brokers in fact have no right to or valid property interest in the names, personal information,

22   and personas of the California residents they purportedly license to Defendant.

23       17.    Defendant knowingly published teaser profiles about millions of California

24   residents as a means of advertising paid subscriptions to www.infotracer.com. The teaser profiles

25   advertise subscriptions by promising, *inter alia*, that a paid subscription will reveal additional

26   personal information about the California resident portrayed in the teaser profile.

27       18.    Defendant knows and intends that its teaser profiles about California residents are

28

CLASS ACTION COMPLAINT

most likely to attract subscribers who are themselves California residents. The website's "Data Usage Rules" page contains a list of "DOs" in green font and a contrasting list of "DON'Ts" in red font.[10] The "DOs" list encourages prospective subscribers to: "Search for old friends," "Verify your online date," "Check out your new roommate," "Find relatives and associates," and "Run a background report on yourself."[11] A person viewing their own teaser profile obviously resides in the same state as the person portrayed in the teaser profile. And a person searching for a neighbor, new friend, or romantic partner who resides in California is highly likely to themselves reside in California. Thus, by publishing advertisements incorporating the names and personas of millions of Californians, and by encouraging prospective subscribers to view their own teaser profiles and the teaser profiles of their friends, roommates, relatives, and romantic partners, Defendant purposefully directs its illegal advertisements to prospective subscribers in California (and specifically to this district, in which Plaintiff resides).[12]

19.     But this is not the only way in which Defendant intentionally targets California. The main landing page for InfoTracer.com includes a section entitled "Public Records by States [*sic*]."[13] Clicking on the blue hyperlink labelled "California" brings the visitor to a multi-page interlinked article covering multiple topics unique to California, including "What are California Public Records, and How are They Created?," "How to Access California Public Records?," a list of "Different Types of Public Records in California," and "How to Look Up Criminal Records in California."[14] The multi-page article comprises thousands of words, includes infographics and links to external websites maintained by the California government, and is entirely devoted to the topic of how to find information about California residents and their property.

---

[10] *Data Usage Rules*, INFOTRACER, https://infotracer.com/data-usage-rules/.
[11] *Id.*
[12] *Id.*
[13] *Home Page*, INFOTRACER, https://infotracer.com/,
[14] *Public Records: California*, INFOTRACER, https://infotracer.com/public-records/california/; *Arrest Records: California*, INFOTRACER, https://infotracer.com/arrest-records/california/.

20.     By publishing a multi-page article on its publicly available website solely to the topic of searching California records, Defendant intentionally targeted potential subscribers in California. Defendant knows and intends that the majority of potential subscribers who are interested in learning information about Californians are themselves Californians.

21.     Defendant also registered as a data broker with the California Attorney General.[15] On information and belief, Defendant also paid the $400 fee, which is required under California's Consumer Privacy Act (CCPA) for any business that "sells to third parties the personal information of a [California] consumer with whom the business does not have a direct relationship." Cal. Civ. Code § 1798.99.80.

22.     On information and belief, Defendant's marketing efforts using the names and personas of California residents have been successful. Teaser profiles incorporating the names and personas of California residents have successfully attracted subscriptions from many California residents.

23.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this Complaint occurred in this district. The named Plaintiff resides in this district.

**DEFENDANT'S ILLEGAL MISAPPROPRIATION AND COMMERCIAL USE OF PLAINTIFF'S NAME AND PERSONA**

24.     Like all California residents, Plaintiff has the right to control the commercial use of her name, persona, and identity. Cal. Civ. Code § 3344. She has the right to exclude anyone from using her name and persona to advertise without her consent. *Id.* "Any person who knowingly uses" Plaintiff's name and persona "for purposes of advertising or selling, or soliciting purchases of, products . . . or services, without [Plaintiff's] prior consent," thereby violates California law. *Id.*

---

[15] *Data Broker Registration for InfoPay, Inc*, CAL. ATTY GEN, https://oag.ca.gov/data-broker/registration/571812.

25.     Plaintiff has no relationship with Defendant. She is not a subscriber of infotracer.com. To the best of her knowledge and memory, she has never visited the website www.infotracer.com.

26.     Plaintiff did not provide consent to Defendant to use her name, personal information, or persona in any way. Had Defendant requested her consent, Plaintiff would not have provided it.

27.     Defendant knowingly uses Plaintiff's name and personal information to advertise subscriptions.

28.     Defendant publishes and publicly displays on its website a teaser profile representing Plaintiff. A screenshot representing a portion of the teaser profile appears below. The teaser profile uniquely identifies Plaintiff by her first name ("April"), last initial ("H"), age ("43"), current and past cities of residence (*e.g.*, "Salinas"), and state of residence ("CA").[16]



29.     The teaser profile represents that Defendant possesses additional hidden information about Plaintiff, including: "Police Records," "Felonies," "Marriages & Divorces," "Deep Web," "Address(es)," "Assets," and "Phone Number(s)."[17]

30.     Thereafter, the teaser profile solicits the purchase of a "7-Day Unlimited Access" subscription for $2.95, after which a "recurring monthly subscription fee of $24.95 will be

---

[16] *Search Successful*, INFOTRACER, https://infotracer.com/name/results/.
[17] *Search Subject: April H.*, INFOTRACER,
https://infotracer.com/loading/?ltid=home&mercSubId=home-
name&type=name&searchTab=name.

charged."[18] In exchange for a paid subscription, the purchaser will receive: (a) access to the hidden information about Plaintiff; and (b) access to "Unlimited Access to Over 5 Billion Records Nationwide" about any individual in Defendant's database. [19] Thus, Defendant advertises subscriptions using Plaintiff's name, persona, personal information, and identity.

31.     Defendant did not request Plaintiff's "prior consent" before publishing its teaser profiles about Plaintiff, as required by California law. *See* Cal. Civ. Code § 3344(a).

32.     Defendant displays its teaser profiles about Plaintiff to prospective subscribers via two similar but distinct advertising flows. For purposes of this complaint, a "flow" means a series of webpages and/or pop-ups shown in a logical progression to the prospective subscriber. The two advertising flows are as follows:

Advertising Flow #1: "Main Search"

33.     The "Main Search" flow is the advertising flow that appears most prominently on the Defendant's website. The main landing screen on Defendant's website, www.infotracer.com, is shown below.[20]

---

[18] *Checkout*, INFOTRACER, https://checkout.infotracer.com/co/?merc_id=62&items=636a87808bb9f8c6d345d2a0&v=10&tid=google_organic&mercSubId=home-name&abid=642ec83105a5ef6630825bfc&abrid=642eca6205a5ef6630825c00&searchReport=3HLY-I_VG&reportToken=3HlYI_VgvQdgh5M%2F.NQTowQ%3D%3D
[19] *Id.*
[20] *Home Page*, INFOTRACER, https://infotracer.com/.



34.     As depicted above, Defendant characterizes itself as an "Instant Public Records Search" site, providing access to "Contact Info, Criminal Records, Arrests, Assets, Social Profiles & More."[21] The landing page prompts potential subscribers to perform a "NAME" search by entering a targeted individual's "First Name," "Last Name," and, optionally, "City" of residence.[22]

35.     After the prospective subscriber enters a name and clicks the red "SEARCH" button, Defendant displays a webpage representing that the Defendant is in the process of gathering a variety of information about Plaintiff, including her "Police Records," "DUIs & DWIs," "Misdeameanors," "Felonies," "Marriages & Divorces," "Legal Judgments," "Bankruptcies," "Address(es)," and Phone Number(s)."[23]



---

[21] *Id.*
[22] *Id.*
[23] *Id.*

CLASS ACTION COMPLAINT

1

2       36.     After the green "progress" bar shown above reaches 100%, a new page loads,

3   showing a list of teaser profiles matching the search criteria entered by the prospective

4   subscriber.[24] The screenshot below is displayed after the prospective subscriber searches for

5   Plaintiff's name and specifies the city of Salinas, California.[25] The second result of two in the list

6   is the Plaintiff.

7

8

9   

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   _____

26

27   [24] *Search Successful*, INFOTRACER, https://infotracer.com/name/results/.
     [25] *Id.*

28

37.     Clicking on either Plaintiff's name or the "Select Result" button in April Hernandez's teaser profile brings the prospective subscriber to a page representing that Defendant possess her "Current & Past Addresses," "Phone Number(s)," "Vital Records," and



"Relatives & Relationships," among other information.[26]

38.     The preceding webpage includes a button entitled "GET INSTANT ACCESS." ((not shown in the screenshot above). Clicking on that button brings the prospective subscriber to a checkout page. As shown below, the checkout page purports to be charging $2.95 on a one-time basis ("Today's Total") in exchange for the "Full Report" about Plaintiff and "7-Day Unlimited Search Access" to millions of reports about other individuals. Buried in the fine print below the "GET INSTANT ACCESS" button, InfoTracer admits that if the prospective subscriber does not cancel before the expiration date, they will be automatically charged $24.95

---

[26] *Your Report 3HLY-I_VG is Ready!*, INFOTRACER,
https://infotracer.com/name/selection/?searchCritE=0x42c8dcb43b10f8aa78faf8b5e4cb4e0f464b
af21e73391940b25a2ba1054192807e6a388aa010e8943838b6d412c5f0f9cb173341ec46d3229a6
66f51099120584d6ae59582702fea90a02d9cf327527862ade80dc538a18d44bca78fffa8019860dff
79072f9fa6b8ba5bad40151f5679a5852a908c6490dd1224cc43356b48b291b921890f86fdf49b85
89838d1262723ec2075d4530d9839e514fe12818935490b5894e9764a54cc6e5e8b02bddcbdf383
5ce3389e18e200f280d69316410807c34335d76bb9e4797eb41b81aa8a7cfa0ad56544458ae33a09
0a8e8b35bad6afb833c52a40263b9eaaa69e27a6db1.

1  per month for continued access.[27]







39.    On information and belief, third parties, including third parties in California, have

stepped through the "Main Search" flow after searching for Plaintiff, and have viewed her teaser

[27] *Id.*

1  profile. On information and belief, third parties, including third parties in California, have

2  purchased subscriptions to InfoTracer.com after stepping through the "Main Search" flow and

3  viewing Plaintiff's teaser profile.

4       40.    It is imminently likely that third parties, including third parties in California, will

5  step through the "Main Search" flow and view Plaintiff's teaser profile as a result. It is also

6  imminently likely that they will purchase subscriptions after viewing Plaintiff's profile.

7  <u>Advertising Flow #2: "California Public Records"</u>

8       41.    The "California Public Records" advertising flow begins when the user clicks on

9  the "California" hyperlink, which appears under the heading "Public Records By States" on

10  Defendant's landing page.[28]

## Public Records By States

| | | | |
|---|---|---|---|
| Alabama | Indiana | Nebraska | South Carolina |
| Alaska | Iowa | Nevada | South Dakota |
| Arizona | Kansas | New Hampshire | Tennessee |
| Arkansas | Kentucky | New Jersey | Texas |
| California | Louisiana | New Mexico | Utah |
| Colorado | Maine | New York | Vermont |
| Connecticut | Maryland | North Carolina | Virginia |
| Delaware | Massachusetts | North Dakota | Washington |
| Florida | Michigan | Ohio | West Virginia |
| Georgia | Minnesota | Oklahoma | Wisconsin |
| Hawaii | Mississippi | Oregon | Wyoming |
| Idaho | Missouri | Pennsylvania | |
| Illinois | Montana | Rhode Island | |

---

[28] *Home Page*, INFOTRACER, https://infotracer.com/.

CLASS ACTION COMPLAINT

42. Clicking on "California" brings the prospective subscriber to Defendant's "California Public Records" page, which is dedicated to searching for individuals in California.[29]



43. Entering Plaintiff's first and last name and clicking "SEARCH" brings the prospective subscriber to a page of teaser profiles arranged similarly to those shown in ¶35 above. A teaser profile accurately identifying plaintiff by first name, last initial, age, and city of residence appears in the search results.

44. From this point forward, the "California Public Records" flow converges with the "Main Search" flow.

45. Thus, Defendant advertises subscriptions using Plaintiff's name and persona in violation of California law.

46. On information and belief, third parties, including third parties in California, have

---

[29] *Public Records: California*, INFOTRACER, https://infotracer.com/public-records/california/.

stepped through the "California Public Records" flow after searching for Plaintiff and have viewed her teaser profile. On information and belief, third parties, including third parties in California, have purchased subscriptions to Defendant's website after stepping through the "California Public Records" flow and viewing Plaintiff's teaser profile.

47.    It is imminently likely that third parties, including third parties in California, will step through the "California Public Records" flow and view Plaintiff's teaser profile as a result. It is also imminently likely that they will purchase subscriptions after viewing Plaintiff's profile.

\*\*\*\*\*

48.    Defendant's sole purpose in publishing the teaser profiles about Plaintiff and incorporating those profiles in the above-described advertising flows is to solicit the purchase of website subscriptions.

49.    All of Defendant's advertising flows promise that the full report about Plaintiff contains scandalous, embarrassing, and highly personal information about Plaintiff. They also promise that a subscription will reveal full reports about millions of other Californians containing similar information. As shown in the screenshots above, Defendant teases access to Plaintiff's and Class members': "Images & Videos," "Relatives & Relationships," "Arrest Records," "Criminal Records," "Bankruptcy Filings," "Judgments & Liens," Property and Asset Records," "Current & Past Addresses," "Phone Number(s)," and "Email Address(es).

50.    While Defendant advertises that prospective subscribers can purchase a trial subscription for just $2.95, the true cost of a subscription is much higher. Once the 7-day trial pass expires, the subscription automatically renews at a much higher rate. Deceptively, Defendant only discloses this fact in the fine print, *see* ¶38 *above*. The Better Business Bureau has received dozens of consumer complaints and negative reviews about Defendant's deceptive advertising, auto-renewal practices, and ineffective and illegal cancellation procedures. One such

complaint, and one such negative review, appear below.[30]



**Initial Complaint**
12/26/2023

**Complaint Type:** Product Issues
**Status:** Answered

I went to their website to look up a vin # of a vehicle that I was interested in buying to check the maintenance records. They could not provide any maintenance records for that vehicle. This was in March of 2023. I believe they charged me $2.95 which I paid using Paypal. I logged in to my Paypal account last week and seen that I was set up to auto pay Infopay, *** $24.95 a month.I called the number provided and asked them what this payment was about The person that I spoke to said that they had sent me emails every month, which was not true. I checked my emails from April 2023 to December 2023 and I have no messages from them. They said they could only refund me 3 of the payments, which they did. They refuse to refund the other 5 payments. I did not agree to any payments and I never went back to their site.The number that I called is ************

Linda A

⭐☆☆☆☆                                                              05/16/2024

I was told by a government agency to try and do a property search under my husband's name because they did one and showed he owned property elsewhere.. I tried running his name and nothing came up but I was compelled to pay a $2.95 charge for what I had done. I paid it and carefully read to make sure I was not signing up for a subscription because I can not afford it. My paypal is now being charged $24.95 for a subscription that I did not agree to. I did however get the subscription cancelled. This is a terrible thing to do to people. Now I will have to pay extra so that it does not go past my credit limit because of interest charges... Sad companies do this to people

51.    Defendant misappropriated Plaintiff's name, persona information, persona, and identity without permission from Plaintiff.

52.    Defendant has intellectual property and dignitary interests in her name, persona, and identity, recognized by California statutory and common law. She has an ownership interest in the commercial use of her name, persona, and identity. She has the right to exclude anyone from making commercial use of her name, persona, and identity. She has the right to receive monetary compensation for the commercial use of her name, persona, and identity.

---

[30] *Complaints: Infotracer.com*, BETTER BUS. BUREAU, https://www.bbb.org/us/ma/boston/profile/information-bureaus/infotracercom-0021-111697/complaints; *Customer Reviews*, BETTER BUS. BUREAU, https://www.bbb.org/us/ma/boston/profile/information-bureaus/infotracercom-0021-111697/customer-reviews.

CLASS ACTION COMPLAINT

53.     Plaintiff is deeply disturbed and uncomfortable in the knowledge that Defendant has used and continues to use her name and persona to advertise a commercial product she has no interest in supporting. Defendant's non-consensual use of her name, persona, and identity offends her dignity and disturbs her peace of mind. Plaintiff strongly disapproves of Defendant's product and business, which: (a) traffics in prospective users' interest in learning scandalous and salacious information about their friends, family, partners, and neighbors; (b) intimates that the subjects of its teaser profiles have "Criminal Records" even if they are not; (c) systematically misappropriates the names and identities of millions of individuals without obtaining their consent or providing legally mandated compensation; (d) encourages stalking and identity theft by providing intimate personal information, including current addresses, phone numbers, emails, and relatives, to anyone willing to pay for it; and (e) is the subject of dozens of consumer complaints regarding its deceptive advertising; fraudulent billing, renewal, and cancellation policies; and mishandling of individual's names and personal information. Plaintiff does not wish to have her name and persona used to promote Defendant's disturbingly intrusive, poorly rated, and complaint-ridden product.

54.     Defendant has injured and continues to injure Plaintiff by misappropriating her intellectual property without compensation. Plaintiff has suffered monetary harm in the amount she should have been paid as a reasonable royalty in exchange for the commercial use of her persona. Plaintiff has also suffered monetary harm in the amount of Defendant's unjust enrichment through its illegal use of her name and persona.

55.     Defendant has injured and continues to injure Plaintiff by invading and denying her right to control the commercial use of her name and persona, which is a substantive right long recognized at common law and more recently codified in California's right of publicity statute. Defendant has injured and continues to injure Plaintiff's dignity and mental well-being by using her name and persona to promote a product she never agreed to promote.

56.     Defendant's illegal use of Plaintiff's name and persona have left Plaintiff worried and uncertain about her inability to control how her name and persona are used. Defendant's non-

consensual use of Plaintiff's name and persona to advertise represents an alarming invasion of her intellectual property rights and privacy. Plaintiff believes that Defendant's publication of teaser profiles encourages and enables stalking, identity fraud, and harassing marketing and sales communications.

## NO AGREEMENT TO ARBITRATE OR CLASS ACTION WAIVER

57.     There is no agreement of any kind between Plaintiff and Defendant. Plaintiff has never agreed, and does not agree, to arbitrate her claims against Defendant. Plaintiff has never agreed, and does not agree, to waive her right to pursue claims against Defendant as a Class representative. Plaintiff has never agreed, and does not agree, to the Terms of Service on Defendant's website.

58.     Before visiting the website to collect the screenshots and other information that appear in this complaint, counsel sent an email to Defendant on February 22, 2024, informing Defendant that, "I do not intend my use of the website to bind my current or future clients to any agreement with [Defendant], including but not limited to the Terms and the arbitration provision contained therein . . . I do not have authority to agree to arbitration . . . [or] to any contract with [Defendant] on behalf of any of my clients."

59.     On February 27, 2024, the "Privacy Compliance Director" at InfoTracer sent counsel an email confirming receipt of the email above, and writing that Defendant "confirm[s] your opt-out from the mandatory arbitration clause."

60.     Although repudiation is not necessary because no agreement exists or has ever existed between Plaintiff and Defendant, for the avoidance of doubt, Plaintiff hereby expressly repudiates and disavows any purported agreement between herself and Defendant.

## DEFENDANT'S ILLEGAL MISAPPROPRIATION AND COMMERCIAL USE OF CLASS MEMBERS' NAMES AND PERSONAS

61.     Just as Defendant publishes and publicly distributes a teaser profile about Plaintiff, so too Defendant publishes and publicly distributes teaser profiles about millions of other individuals, including the members of the proposed Class. (*See* Class allegations below for a

definition of the proposed Class.) The teaser profiles about absent Class members are identical in form, content, and design to the teaser profiles about Plaintiff.

62. Just as Defendant advertises subscriptions using at least two advertising flows that terminate in a teaser profile about Plaintiff, so too Defendant advertises subscriptions using the same two advertising flows with respect to millions of other individuals, including the members of the proposed Class.

63. Accordingly, each of Plaintiff's allegations with respect to Defendant's illegal use of her name and persona apply equally to each member of the proposed Class.

**CONSUMER COMPLAINTS ABOUT DEFENDANT'S ILLEGAL**

**MISAPPROPRIATION AND COMMERCIAL USE OF NAMES AND PERSONAS**

64. Defendant is the subject of many complaints and negative reviews available on the Better Business Bureau's website. At the time of filing, within the last three years Defendant has been the subject of ninety-one customer complaints filed with the Better Business Bureau.[31]

65. Many of those complaints and negative reviews focus on the unlawful misappropriation that gave rise to this lawsuit. Reviewers complain about Defendant's misappropriation of their personal information without consent. Importantly, they also complain that although Defendant purports to allow individuals to request that their information be removed from the site, _Defendant does not honor requests to remove personal information._

66. California's right of publicity act requires that Defendant obtain a person's consent _before_ using their name and persona to advertise subscriptions. Accordingly, even if Defendant honored individual's requests that their information be removed _after_ Defendant published their teaser profiles, this would not satisfy Cal. Civ. Code § 3344. Nevertheless, that Defendant purports to allow after-the-fact requests for removal, but fails to honor such requests,

---

[31] _Complaints: Infotracer.com_, BETTER BUS. BUREAU, https://www.bbb.org/us/ma/boston/profile/information-bureaus/infotracercom-0021-111697/complaints.

illustrates Defendant's disregard for the law and contempt for the rights of the individuals portrayed in its searchable database.

67.    A non-exhaustive sample of relevant complaints and reviews appears below, all of which are available online on Defendant's profile with the Better Business Bureau.[32]

---



**Initial Complaint**
05/06/2024

**Complaint Type:** Product Issues
**Status:** Resolved ✓

These parasites harvest data about you and sell it. When you want to remove your data from their site, they make you jump through so many hoops in a system that rarely works.Sometimes the email confirmation never arrives. Often the email link says you have to wait to click it - seriously, what kind of system are you running? Even when you click the email links and get a confirmation that your information will be removed, it isn't.I've tried emailing them directly with no success of my information being removed. So now I'm taking this route because I know it will get their attention.I want these report IDs with my information removed from your website:3Hlcl_lmuwVth5c_.mzwuyg==3XFSIedhvAdnhZo1.gx_64Q==

---



**Initial Complaint**
04/08/2024

**Complaint Type:** Product Issues
**Status:** Resolved ✓

Hello, I have never authorized infotracer.com to display my information, nor have I been a customer of their services. I have requested for my personal information to be remove by requesting to be opt out of there services 3 times and every time I get confirmation email and when I click to confirm I get this message."Seems like you are too fast on the request confirmation. Please wait about 30 seconds and try again. Sorry for the inconvenience." why its not removed ? I am asking to immediate and permanently removed my personal information.

---

**Initial Complaint**
04/06/2024

**Complaint Type:** Product Issues
**Status:** Answered ✓

I do not want my personal information displayed on your website. Your opt out system does not work.

---

[32] *Id.*

**Initial Complaint**
01/11/2024

**Complaint Type:** Customer Service Issues
**Status:** Answered

I'm contacting you to express my significant concerns and to file a BBB official complaint regarding the ongoing presence of my and my wife's personal information on the infotracer.com website. I have never authorized infotracer.com to display our information, nor have we been a customer of their services. Despite multiple attempts to have our information removed through the infotracer.com 'Opt-Out' feature and emails, my details remain accessible on the site.We have submitted several opt-out requests, followed by email inquiries, but my and my wife's personal information is still publicly displayed. This not only breaches our right to privacy but also shows a disregard for your opt-out procedure, causing me great distress and anxiety.The right to privacy is a fundamental issue, and there is an expectation that requests for information removal will be promptly and effectively addressed. The ongoing visibility of my information on your website indicates a breakdown in your opt-out system, raising concerns about potential misuse or misinterpretation of my data.To resolve this issue, I urgently request:1. The immediate and permanent removal of all listings that contain my and my wife's name, past and current addresses, email addresses, phone numbers, and any other personally identifiable information.2. An explanation as to why our previous removal requests were not acknowledged, despite evidence from our email tracking tool that our messages were opened but not responded to.

68.    Thus, as the complaints above reveal, Defendant systematically fails to honor requests to have names and personal information removed from its site. Further, Defendant has received numerous complaints about its unlawful misappropriation of names and personas. Despite receiving these complaints, Defendant has done nothing to rectify its illegal practices.

### CLASS ACTION ALLEGATIONS

69.    Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). Plaintiff seeks to represent the following Class:

> All adults who (1) are not subscribers of infotracer.com; (2) reside or resided in California during the relevant limitations period; and (3) whose names and personal information Defendant published in one or more teaser profiles used to promote subscriptions.

Plaintiff reserves the right to modify the proposed Class definition in her forthcoming Class certification motion after conducting discovery.

70.    Excluded from the proposed Class are the judge to whom this case is assigned and the judge's immediate family; counsel in this matter; and Defendant, its officers and directors, successors, and assigns.

71.    The members of the proposed Class are so numerous that joinder of individual claims is impractical. As alleged above, Defendant has published advertising teaser profiles

incorporating the names and personas of millions of Californians. The Class likely comprises millions of people.

72. There are significant questions of law and fact common to the Class members. Common questions include:

a. Whether Defendant's misappropriation and commercial use of names and personal information in the advertising techniques described in this Complaint constitutes the knowing use without prior consent of another's name and persona for the purposes of advertising products within the meaning of Cal. Civ. Code § 3344.

b. Whether Defendant solicited and obtained consent from Plaintiff and the Class members prior to using their personas in promotional advertising flows, as required by Cal. Civ. Code § 3344.

c. Whether Defendant's commercial use of Plaintiff's and Class members' names and personal information in advertisements falls within the exceptions for "use in connection with any news, public affairs, or sports broadcast or account, or any political campaign" within the meaning of Cal. Civ. Code § 3344.

d. The amount by which Defendant profited from and was unjustly enriched by its illegal use of Plaintiff's and Class members' names, personal information, and personas.

e. Whether Defendant's conduct described in this Complaint violates California common law prohibiting the misappropriation of a name or likeness.

f. Whether Plaintiff and the Class are entitled to the injunctive, declaratory, monetary, punitive, and other relief requested in this Complaint.

73. Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by Defendant's misappropriation and misuse of their identities, names, personas, and other personal information in advertisements promoting

1   website subscriptions. Defendant presents its advertisements in the same way for each Class

2   Member.

3       74.    Just as it did with Plaintiff, Defendant appropriated the names, personal

4   information, and personas of all Class members without their prior consent. Defendant's sole

5   purpose in appropriating Class Members' information and personas was to solicit the purchase

6   of paid subscriptions.

7       75.    Just as it did with Plaintiff, Defendant injured, continues to injure, and imminently

8   threatens to injure all Class members. Defendant injured Class members by misappropriating

9   their intellectual property without compensation. Class members have suffered, and will continue

10  to suffer, monetary harm in the amount they should have been paid as reasonable royalties in

11  exchange for the commercial use of their names and personas. Class members have also suffered,

12  and will continue to suffer, monetary harm in the amount of Defendant's unjust enrichment

13  through its illegal use of their names and personas.

14      76.    Defendant also has injured and continues to injure Class members by invading

15  and denying them their right to control the commercial use of their names and personas, which

16  is a substantive right long recognized at common law and more recently codified in California's

17  right of publicity statute.

18      77.    Defendant has injured and continues to injure Class members' dignity and mental

19  well-being by using their names and personas to promote a product they never agreed to promote.

20      78.    The proposed class representative will fairly and adequately represent the

21  proposed Class. Plaintiff's claims are co-extensive with those of the rest of the Class. Plaintiff is

22  represented by qualified counsel experienced in class action litigation of this nature.

23      79.    A class action is superior to other available methods for the fair and efficient

24  adjudication of these claims because individual joinder of the claims of all members of the

25  proposed Class is impracticable. Many members of the Class do not have the financial resources

26  necessary to pursue this claim, and even if they did, the size of their interest in the case may not

27  be large enough to merit the cost of pursuing the case. Individual litigation of these claims would

28

be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Defendant's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

80.    The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Defendant has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

81.    The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

## FIRST CAUSE OF ACTION

### California Right of Publicity Statute, Cal. Civ. Code § 3344

82.    Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint.

83.    California's right of publicity statute prohibits the "knowing[] use[] of another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent." Cal. Civ. Code § 3344.

84.    By engaging in the foregoing acts and omissions, Defendant used and uses Plaintiff's and Class members' names, personal information, personas, and identities to advertise and sell subscriptions without prior consent.

85.    Plaintiff's and Class members' names and personas have commercial value, as demonstrated by Defendant's commercial use; similar commercial use by Defendant's competitors, including competitive people search websites like Spokeo and Intelius; and

CLASS ACTION COMPLAINT

Defendant's payment of licensing fees to data brokers in exchange for the right to make commercial use of names and personas.

86.   Each use of Plaintiff's or a Class members' name and personal information in a teaser profile is a separate and distinct violation of Cal. Civ. Code § 3344.

87.   Cal. Civ. Code § 3344 provides that a person who violates the statute is liable "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages," in addition to "any profits from the unauthorized use." The statute also provides for "[p]unitive damages" and "attorney's fees and costs."

88.   As a result of Defendant's violation of Cal. Civ. Code § 3344, Plaintiff and the Class members have suffered injury, and will imminently suffer further injury.

89.   Defendant has injured and continues to injure Class members by misappropriating their intellectual property without compensation. Class members have suffered, and will continue to suffer, monetary harm in the amount they should have been paid as reasonable royalties in exchange for the commercial use of their names and personas. Class members have also suffered, and will continue to suffer, monetary harm in the amount of Defendant's unjust enrichment through its illegal use of their names and personas.

90.   Defendant has injured and continues to injure Class members' by invading and denying them their right to control the commercial use of their names and personas, which is a substantive right long recognized at common law and more recently codified in California's right of publicity statute.

91.   Defendant has injured and continues to injure Class members' dignity and mental well-being by using their names and personas to promote a product they never agreed to promote.

92.   Plaintiff, on behalf of the Class, seeks: statutory damages of $750 for each published searchable teaser profile about a Class member, or an alternative measure to be determined at a later stage of this litigation; actual damages, including Defendant's unjustly earned profits from its unauthorized use, and the amount that should have been paid in reasonable royalties to Plaintiff and the Class in exchange for the commercial use of their names and

1  personas; punitive damages; nominal damages; the award of attorneys' fees and costs; the entry

2  of an injunction prohibiting Defendant's illegal conduct; and declaratory relief.

## SECOND CAUSE OF ACTION

### California Tort of Misappropriation of a Name or Likeness

93.     Plaintiff incorporates by reference the allegations in all preceding paragraphs of
this Complaint.

94.     California common law recognizes the tort of "appropriation, for the defendant's
advantage, of the plaintiff's name or likeness." *Eastwood v. Superior Court*, 149 Cal.App.3d 409,
416 (Cal. Ct. App. 1983).

95.     By engaging in the forgoing acts and omissions, Defendant (1) used the names,
personal information, and identities of Plaintiff and the Class in advertisements for subscriptions;
(2) appropriated Plaintiff's and Class Members' names and likenesses to Defendant's
commercial advantage; (3) failed to obtain Plaintiff's and Class members' consent; and (4)
injured Plaintiff's and Class Members' by causing harms both economic and dignitary. *See
Eastwood*, 149 Cal.App.3d at 417.

96.     Plaintiff, on behalf of the Class, seeks monetary recovery in the amount of the
commercial advantage Defendant derived from its misuse, compensatory damages for
Defendant's failure to pay royalties owed, and the entry of an injunction prohibiting Defendant's
tortious acts.

## THIRD CAUSE OF ACTION

### California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*

97.     Plaintiff incorporates by reference the allegations in all preceding paragraphs of
this Complaint.

98.     Defendant has and is engaged in unfair competition, as that term is defined in the
California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq.* ("UCL").

99.     As described in this Complaint, Defendant's misappropriation and use without
prior consent of Plaintiff's and Class members' names, personal information, personas, and

CLASS ACTION COMPLAINT

identities is a violation of California's Right of Publicity statute, Cal. Civ. Code § 3344 and California common law prohibiting misappropriation of a name or likeness.

100.     By engaging in the conduct described in this complaint and violating California law, Defendant engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL.

101.     By engaging in the conduct described in this Complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, Defendant engaged in and continues to engage in "unfair" business acts and practices prohibited by the UCL.

102.     As a result of Defendant's actions, Plaintiff and Class members have been injured and have lost money and property. Plaintiff and Class members were denied the fair economic value of their names and personas. Defendant should have paid them and failed to do so. They are entitled to restitution, declaratory relief, and injunctive relief.

**PRAYER FOR RELIEF**

103.     WHEREFORE Plaintiff, individually and on behalf of the proposed Class, requests the following relief:

a.     An order certifying the proposed Class and appointing Plaintiff and her counsel to represent the Class;

b.     A declaration that Defendant's acts and omissions constitute a knowing and willful misappropriation of names, personal information, and personas, and infringe on protected intellectual property and dignitary rights, in violation of California statutory and common law;

c.     Statutory damages in the amount of $750 for each published searchable teaser profile about a Class member, or an alternative measure to be determined at a later stage of this litigation;

d.     Nominal damages in recognition of Defendant's ongoing violation of the legally protected property and dignitary rights of Plaintiff and the Class

members;

e.  Preliminary and permanent injunctive relief enjoining Defendant from continuing to operate www.infotracer.com without appropriate safeguards to ensure Class member's names and personas are not used to advertise without their consent;

f.  Restitution to Plaintiff and Class members of the money Defendant unjustly earned through subscription sales made by misappropriating their names and personas;

g.  Damages for actual harm; profits earned by Defendant; and reasonable royalties owned to Plaintiff and the Class;

h.  The award of reasonable attorneys' fees and costs incurred by Plaintiff and the Class; and

i.  Orders granting such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial for all individual and Class claims so triable.

Dated: June 12, 2024          By: */s/ Andrew G. Gunem*
                              Andrew G. Gunem (SBN 354042)
                              Samuel J. Strauss*
                              Raina C. Borrelli*
                              **STRAUSS BORRELLI PLLC**
                              980 N Michigan Avenue, Suite 1610
                              Chicago, Illinois 60611
                              Telephone: (872) 263-1100
                              Facsimile: (872) 263-1109
                              agunem@straussborrelli.com
                              sam@straussborrelli.com
                              raina@straussborrelli.com

                              Benjamin R. Osborn*
                              LAW OFFICE OF BENJAMIN OSBORN
                              63 Fiddlers Elbow Rd.
                              Margaretville, New York
                              Telephone: (347) 645-0464
                              ben@benosbornlaw.com

CLASS ACTION COMPLAINT

*pro hac vice forthcoming*

*Attorneys for Plaintiff and the Proposed Class*